IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR-08-145-9-C |
| ) | CIV-09-931-C |
| GUSTAVO GUTIERREZ, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant has filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. At the direction of the Court, Plaintiff filed a response and this matter is now at issue. In his motion, Defendant raises three grounds for relief: 1) ineffective assistance of counsel; 2) that counsel denied Defendant the right to file an appeal; and 3) that Fed. R. Crim. P. 32 was violated by the Presentence Report.

In response, Plaintiff argues that Defendant's motion is untimely and is foreclosed by the waiver executed as part of the Plea Agreement. In support of its position, Plaintiff has provided an affidavit from Defendant's trial counsel, a copy of the change of plea hearing transcript, and a copy of the transcript from the sentencing hearing. Plaintiff argues that Defendant's motion cannot proceed as Defendant waived the right to collaterally challenge his conviction as part of his guilty plea.

The Court's first task is to determine the validity of the waiver in the plea agreement. If the Court finds that waiver applicable and enforceable, Defendant's motion may survive only if enforcing the waiver would cause a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir 2004). In paragraph 8 of the Plea Agreement, Defendant agreed to

give up any right to appeal or collaterally challenge his "guilty plea . . . and any other aspect of his conviction . . . ." (Dkt. No. 244, p. 7.) Defendant's present challenge is within the scope of the waiver. See Hahn, 359 F.3d at 1325 ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver."). The issues Defendant presses in his motion are the type of issues governed by the terms of the waiver.

Turning to the second Hahn prong, whether the waiver was knowing and voluntary, the Court finds this prong is likewise met, as Defendant's statements in the Petition to Enter Plea of Guilty and at the change of plea hearing provide ample evidence the plea was knowingly and voluntarily entered. Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights."). Under questioning by the Court, Defendant, through an interpreter, testified that he understood the terms of the agreement, that he understood the questions asked and gave truthful answers to those questions. Further, the Court specifically pointed out to Defendant that he was giving up his right to appeal or collaterally challenge the conviction. Defendant expressed his understanding and agreement with those terms.

Finally, the third prong of Hahn considers whether enforcing the waiver will result in a miscarriage of justice. Id. at 1327. It is here that Defendant's claim of ineffective assistance of counsel must be examined. Defendant's assertion of ineffective assistance is directly contradictory to Defendant's statement in the Petition to Enter Plea of Guilty, wherein he asserts the voluntary nature of the guilty plea and that the plea was made because he did the acts charged. (See Dkt. No. 243, pp. 8-9.) The current assertions also stand in stark contrast to

2

Defendant's testimony at the change of plea hearing where Defendant testified to his desire to plead guilty because he was guilty and that he was satisfied with the work of his attorney. Nevertheless, considering Defendant's pro se status, the Court will consider the issue as raised.

The Tenth Circuit has set forth the standard to measure Defendant's argument of ineffective assistance:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002). Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." Id. (citation omitted). Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors. See id. at 1074-75.

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). Defendant offers no evidence or argument to meet his obligation. Indeed, given the evidence available which included Defendant's own statement that he was not legally present in the United States, the Court finds no probability that given different "more effective" counsel, Defendant would have chosen to go to trial. The fact that as part of the plea agreement Plaintiff agreed to dismiss certain drug charges which would have subjected Defendant to a much longer period of incarceration weighs

heavily against finding he would have proceeded to trial. Thus, the Court finds that enforcing the waiver and denying the present motion will not result in a miscarriage of justice.

Because the Court has found that Defendant voluntarily entered into an enforceable plea agreement which waived his right to appeal or collaterally challenge his conviction and/or sentence, it is unnecessary to address the remaining arguments raised by Defendant.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

## CONCLUSION

As set forth more fully herein, Defendant's claims are barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 461), is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 12th day of January, 2010.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge